UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

AUG 06 2020

| UNITED STATES OF AMERICA, | 1:07-CR-10010-01-CBK |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE |
| JORGE VASQUEZ-HERRERA, | |
| Defendant. | |

## INTRODUCTION

Defendant was charged in this case with conspiring between August 2004 and February 2006 to distribute methamphetamine with seven other defendants. He was one of 32 defendants indicted on drug charges in the Northern Division during April 2007. Defendant pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and was sentenced on November 16, 2007, to 240 months custody followed by three years supervised release. He is currently imprisoned at CI Rivers, a contracted correctional institution in Winton, North Carolina. The Bureau of Prisons ("BOP") has calculated his current release date as October 17, 2020. https://www.bop.gov/inmateloc/ visited August 2, 2020.

In 2019, defendant filed a "motion for reduction of sentence pursuant to § 3582(c)(2) and amendments set out in First Step Act." 1:19-CIV-01005-CBK. That motion was filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 3582(c)(2) concerns sentence reductions based upon subsequent amendments to the Federal Sentencing Guidelines, which was not the basis of defendant's motion. Therefore, upon initial review, the motion was construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contended that he was entitled to compassionate release because, due to his status as a deportable alien, he is not eligible for prerelease placement in home confinement or a half-way house as authorized by 18 U.S.C. § 3624(c)(2). His motion was denied for failure to exhaust his administrative remedies as to his request for prerelease placement.

Defendant has now filed an identical "motion for reduction of sentence pursuant to § 3582(c)(2) and amendments set out in the First Step Act." As set forth above, § 3582(c)(2) is inapplicable. Defendant's motion was filed as a motion for compassionate release under the First Step Act. Defendant's request is based upon his ineligibility for prerelease placement during the last six months of his sentence. He again requests that his sentence be reduced so that he can immediately be released and deported.

## DECISION

### I. Compassionate Release.

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion for the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission was established by the Sentencing Reform Act, Pub. L. 98-473, Title II, § 217(a), codified at 18 U.S.C. § 3582(c)(1)(A). Effective November 1, 2006, the United States Sentencing Commission adopted Guidelines § 1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

On December 21, 2018, the First Step Act of 2018 was enacted. Pub. L. 115-391. The First Step Act amended, *inter alia*, § 3582(c)(1)(A) to increase the use and transparency of compassionate release. Pub. L. 115-391, § 603(b). The First Step Act added district court authority to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. The Federal Sentencing Guidelines have not been amended since prior to the passage of the First Step Act in 2018. As a result, the Federal Sentencing Guidelines address only review of a motion for compassionate release made by the Director of the BOP. United States v. Rodd, ___ F.3d ___, ___, 2020 WL 4006427, at *4 (8th Cir. July 16, 2020).

Under the First Step Act provisions of the compassionate release statute,

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

2

the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## II. Exhaustion of Administrative Remedies.

The district court cannot grant a compassionate release motion until the defendant has complied with the exhaustion requirements of § 3582(c)(1)(A). Specifically, the defendant is required to "appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait "30 days from the receipt of such a request by the warden of the defendant's facility." As Chief Judge Roberto Lange has observed:

> A debate exists . . . among some district courts as to whether a response from the warden alters the thirty-day waiting period and triggers the need to pursue administrative appeals or if the defendant may instead move the district court directly. Some courts have read the thirty-day bypass provision to allow a court to consider a motion brought by a defendant after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," to mean that such motion may be brought if thirty days have passed without a response from the warden. Other courts have interpreted the thirty-day provision to allow a court to act on a defendant's motion thirty days after the warden receives the request, even if the warden has denied it and the defendant has not made any attempts to appeal that decision administratively. **Based on the plain language of the statute, this Court will consider [defendant's] motion because more than 30 days have passed since the warden received at least one of his compassionate release requests.**

United States v. Saenz, ___ F.Supp.2d ___, ___, 2020 WL 4347273, at *3 (D.S.D. July 29, 2020) (emphasis added) (internal citations omitted). *See also* United States v. Morehouse, ___ F.Supp.2d ___, ___, 2020 WL 2836188, at *2 (D.S.D. June 1, 2020) (Judge Karen E. Schreier)

3

(motion for compassionate release is ripe for review where defendant submitted his request to the warden and the warden denied the request). The United States Court of Appeals for the Eighth Circuit has not directly addressed the exhaustion requirement but has observed in one case that

> the district court recognized that the First Step Act amended § 3582(c) to permit an inmate to bring a motion for compassionate release to the court if the inmate has exhausted his administrative appeals. The inmate also may go directly to the court if the warden of the inmate's facility does not respond to the inmate's compassionate-release request within 30 days.

United States v. Rodd, ___ F.3d. at ___, 2020 WL 4006427, at *4. A fair reading of Rodd is that the exhaustion requirement is met where the defendant either exhausts the administrative appeals when the warden fails to bring a motion on the defendant's behalf **or** waits 30 days after submitting a request to the warden. *See also* United States v. Harris, ___ Fed. Appx. ___, ___, 2020 WL 4048690, at *1 (3rd Cir. July 20, 2020) (government conceded that defendant did not need to completely exhaust the warden's denial), United States v. Alam, 960 F.3d 831, 833 (6th Cir. June 2, 2020) ("They must 'fully exhaust[ ] all administrative rights' or else they must wait for 30 days after the warden's 'receipt of [their] request.'"), and United States v. Springer, ___ Fed. Appx. ___, ___, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020) (recognizing § 3582(c)(1)(A)'s either/or language).

Defendant attached documentation to his motion showing that he has exhausted his administrative appeals of his request to be placed on prerelease status at a half-way house. His appeal was denied because BOP policy precludes his placement due to the fact that there is a detainer on file from the U.S. Immigration and Customs Enforcement Agency. Defendant has not shown that he has requested the BOP to bring a motion for compassionate release on defendant's behalf nor that he made a request to the warden for compassionate release. He has continued to request release to a half-way house pursuant to the prerelease provisions of 18 U.S.C. § 3624(c)(2). Any request for a six month reduction in sentence under the compassionate release provisions § 3582(c)(1)(A) as a "trade off" for the fact that he is otherwise ineligible for prerelease must first be made to the warden.

4

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 416, for compassionate release is denied.

DATED this 6th day of August, 2020.

BY THE COURT:

*[signature: Charles B. Kornmann]*

CHARLES B. KORNMANN
United States District Judge